### HOLMES et al. v. UNITED STATES et al.

United States District Court
S. D. New York.
Nov. 25, 1949.

---

7. II Report No. 647, 80th Cong. 1st Sess. (1947).

David M. Palley and Siegelbaum, Rosenzweig, Palley & Berger, New York City, for plaintiffs.

William D. McFarlane, Special Assistant to Attorney General and Gerald L. Phelps, Special Attorney, Department of Justice, Washington, D. C., Herbert A. Bergson, Assistant Attorney General, James E. Kilday, Special Assistant to Attorney General, John F. X. McGohey, United States Attorney, New York City, for defendant United States of America.

Harold J. Gallagher and Willkie, Owen, Farr, Gallagher & Walton, New York City, for defendant Macon, Dublin & Savannah R. Co.

Daniel W. Knowlton, Chief Counsel, Washington, D. C., for intervenor-defendant Interstate Commerce Commission.

By leave of Court, a brief amici curiae was filed by Fred N. Oliver, Willard P. Scott, Chauncey H. Hand, Jr., and G. Clark Cummings, New York City, for Railroad Securities Owners Association, Inc., R. J. Fletcher, Boston, Mass., for Boston & Maine R. R., and E. Spencer Miller, Portland, Me., for Maine Cent. R. Co.

Before SWAN, Circuit Judge, and RYAN and SAMUEL H. KAUFMAN, District Judges.

SWAN, Circuit Judge.

This is a suit by eight holders of First Mortgage Forty Year 5% Bonds of Macon, Dublin & Savannah Railroad Company to set aside an order made on March 10, 1949 by Division 4 of the Interstate Commerce Commission authorizing an extension of the maturity date, and certain other modifications, of said bonds. The complaint was filed May 24, 1949. The suit is brought under 28 U.S.C.A. §§ 1336, 2321-2325 and 49 U.S.C.A. § 17(9). A three judge court was convened pursuant to 28 U.S.C.A. § 2284. The Interstate Commerce Commission has intervened as a party defendant pursuant to 28 U.S.C.A. § 2323. After answers were filed, the case was brought on for final hearing on October 10, 1949. With the court's consent briefs were to be submitted later and they have been received.

The order under attack was entered in a proceeding initiated on June 15, 1948 by the Railroad Company under section 20b of the Interstate Commerce Act, 49 U.S.C.A. § 20b, to obtain modifications of its First Mortgage bond issue which had matured January 1, 1947, the principal modification proposed being an extension of the maturity date to 1972. After hearings, Division 4 of the Commission issued its report and order of December 9, 1948, 271 I.C.C. 376. This directed that the proposed modifications be submitted to the bondholders for acceptance or rejection. It detailed the procedure to be followed on submission and directed: that the applicant Railroad file with the Commission a certificate as to acceptances; that upon request the applicant make available to the parties to the proceeding a list of the names and addresses of bondholders; and that all letters, circulars, etc., to be sent to bondholders be submitted to the Commission for approval. One of the plaintiffs, G. Frederick Helbig, petitioned for reconsideration of the order of December 9. His petition was denied by the full Commission on January 13, 1949.

Thereafter, on March 10, 1949, Division 4 made another report and order, 271 I.C.C. 498. The report found that the plan of modification had been approved by holders of not less than 75% of the class of securities affected, in accordance with § 20b. The order approved and authorized the proposed modification and directed that it become effective at 12:01 A.M. on the day following the applicant's publication of a declaration to that effect. Such a declaration was thereafter published. None of the plaintiffs applied to the Commission for reconsideration of the order of March 10.

The plaintiffs contend that the order of March 10 is null and void on the ground that section 20b of the Interstate Commerce Act is unconstitutional because it (1) contravenes the due process clause of the Fifth Amendment; (2) is a delegation to the Commission of legislative power in contravention of Article I, section 1 of the Constitution; (3) is a delegation of judicial power in contravention of Article III, section 1; and (4) is an exercise of a power not delegated to the United States in contravention of the Tenth Amendment. Before these questions can be reached, we must consider the defense set up in the answers of the United States and the Commission, namely, that the Court lacks jurisdiction because the plaintiffs have failed to exhaust their administrative remedy in accordance with section 17(9) of the Interstate Commerce Act, 49 U.S.C.A. § 17(9). The section requires that rehearing, reargument or reconsideration by the full Commission be sought prior to judicial review

of an order by a Division of the Commission.[1]

■ The plaintiffs argue that their administrative remedy was in fact exhausted when the full Commission denied Helbig's petition for reconsideration of Division 4's order of December 9. They rely on Rule 101(f) of the Commission,[2] which, they say, precluded them from seeking reconsideration of the order of March 10. We do not agree. The rule merely forbids successive petitions for reconsideration on the same grounds with respect to the same order. So the Commission interprets the Rule and we accept its interpretation. The two orders were not the same. The December order merely authorized the Railroad to submit the proposed modification to its bondholders for acceptance or rejection by them. Denial of reconsideration of that order left the plaintiffs free to ask reconsideration of the order of March 10, which did authorize the proposed modification.

■ If Rule 101(f) were to be construed as the plaintiff contends, it would run counter to § 17(9) and would therefore be invalid. That section lays down conditions precedent to judicial review of the order of March 10. The Commission could not by its Rules extend this court's jurisdiction beyond the Congressional grant. The United States is a necessary party to a suit to set aside an order of the Commission. 28 U.S.C.A. § 2322. And the United States is immune from suit except upon terms laid down by Congress on which it consents to be sued. United States v. Sher-

---

1. Section 17(9): "When an application for rehearing, reargument, or reconsideration of any decision, order, or requirement of a division * * * shall have been made and shall have been denied, or after rehearing, reargument or reconsideration otherwise disposed of, by the Commission, * * * a suit to enforce, enjoin, suspend, or set aside such decision * * * may be brought in a court of the United States under those provisions of law applicable in the case of suits to enforce, enjoin, suspend, or so set aside orders of the Commission, *but not otherwise.*" [Italics supplied.] The Conference Report states (H.Rep. 2832, 76th Cong. 3rd sess. p. 72): "A

new paragraph (9) is included providing that orders of a Division, an individual Commissioner or a Board, shall be subject to judicial review as in the case of full Commission orders, *after an application for rehearing has been made and acted upon.*" [Italics supplied.]

2. "(f) *Successive petitions on same grounds, not entertained.—*
"A successive petition under subdivision (d) of this rule filed by the same party or parties, and upon substantially the same grounds as a former petition, which has been considered and denied by the entire Commission, or by an appropriate appellate division, will not be entertained."

wood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058. Since Congress has in explicit terms required a petition for reconsideration to be filed before review in the courts is sought, this court lacks jurisdiction to entertain the present suit.

 Plaintiffs further argue that a petition for reconsideration of the March 10 order was unnecessary because the only ground on which it is attacked is the constitutional one, and the Commission has announced that it cannot pass on the constitutionality of legislation which it is required to administer. Lehigh Valley R. R. Co., 271 I.C.C. 553, 589. We may assume without decision that such is the case. But we cannot assume that upon petition for reconsideration the Commission would not have reversed the order of March 10, thereby eliminating the constitutional question here presented. A recent decision of the Supreme Court warns us not to seek out constitutional questions which may be avoided by the orderly termination of the administrative process. Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 772, 67 S.Ct. 1493, 1503, 91 L.Ed. 1796.[3] It is true that in the same case the court said that where a constitutional question is coupled with a sufficient showing of inadequacy of the prescribed administrative relief and of irreparable injury flowing from delay incident to following the prescribed procedure, the administrative process may be dispensed with, although "this rule is not one of mere convenience or ready application." Id., 331 U.S. at page 773, 67 S.Ct. at page 1503. Here, however, the plaintiffs do not attempt to assert that they would have been irreparably injured had they applied for reconsideration. Without assertion and proof of irreparable injury, they cannot bring themselves within this narrow exception to the well-established rule that administrative remedies must be exhausted before judicial review becomes available. Macauley v. Waterman S. S. Corp., 327 U.S. 540, 66 S. Ct. 712, 90 L.Ed. 839; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct.

459, 82 L.Ed. 638. The general rule would be sufficient to decide this case. The explicit command of § 17(9) makes the result inevitable. Congress must have been aware that the constitutionality of various provisions of the Interstate Commerce Act would be challenged in suits to set aside orders of the Commission. The fact that the substantive issue here presented is constitutional cannot remove the barrier to this suit interposed by § 17(9). The complaint is dismissed for want of jurisdiction.

If the parties desire formal findings of fact pursuant to Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A., they may submit proposed findings within ten days.

---

**3.** "* * * the very fact that constitutional issues are put forward constitutes a strong reason for not allowing this suit either to anticipate or to take the place of the Tax Court's final performance of its function. * * * The Tax Court may decide entirely in appellant's favor."