## REFRIGERATED TRANSPORT, Inc. v. UNITED STATES.
### Civ. A. No. 4401.

United States District Court
N. D. Texas, Dallas Division.
Nov. 12, 1951.

Phinney, Hallman, Reed & Holley, Dallas, Tex. for the complainant.

Robert W. Strange, H. G. Morison, and James E. Kilday, Sp. Assts. to the Atty. Gen., Frank B. Potter, U. S. Atty., Dallas, Tex., for the respondent.

Before HUTCHESON, Circuit Judge, ATWELL, Chief Judge, and DAVIDSON, District Judge.

ATWELL, Chief Judge.

Jurisdiction is invoked under Sec. 1398 of Title 28 U.S.C.A. Sec. 2322 provides that all actions specified in Sec. 2321 shall be by, or, against the United States. Sec. 2321 provides that in actions to enforce, suspend, enjoin, annul, or, set aside in whole, or, in part, any order of the Interstate Commerce Commission other than for the payment of money for the collection of fines, penalties, and forfeitures, shall be as provided in this chapter. Sec. 2323 provides that the Attorney General shall represent the government in actions specified in Sec. 2321 in the district courts.

Sec. 2325 provides that any permanent or temporary injunction restraining the enforcement, operation, or execution in whole or in part, of any order of the Interstate Commerce Commission, shall not be granted unless the application therefor is heard and determined by a district court of three judges under Sec. 2284. Sec. 2284 provides for the three-judge district court.

Notification shall go to the chief judge of the circuit who shall designate two other judges, at least one of whom shall be a circuit judge. Such judges shall serve as members of the court to hear and determine the action and proceeding.

This complaint is made on the ground that an order and notice issued by Division five of the Interstate Commerce Comsion is "arbitrary, unreasonable, capricious, and unjust; that it is unlawful and void," in that the complainant is a common carrier of property by motor vehicle, lawfully engaged in operations solely within the state of Texas under authority issued to it by the Railroad Commission of Texas, and that under Sec. 206(a)[1] of the Interstate Commerce Act, its activities as such may not be prohibited.

The respondents have moved to dismiss, because of a lack of jurisdiction. This is based upon the fact that the complained of order having been issued not by the whole commission but by a division thereof, complainant may not enter court until it shall have exhausted its administrative remedy which is provided for in Sec. 17(9) of the Commerce Act.[2] To put it more bluntly, the Commerce Act does not give an allegedly aggrieved party the right to sue the United States until such administrative remedy, as is afforded in the Act, shall have been exhausted. Concededly, in open court, and in written brief, the com-

1. Sec. 206(a) of the Interstate Commerce Act, 49 U.S.C.A. § 306(a), provides: "And provided further, That this paragraph shall not be so construed as to require any such carrier lawfully engaged in operation solely within any State to obtain from the Commission a certificate authorizing the transportation by such carrier of passengers or property in interstate or foreign commerce between places within such State if there be a board in such State having authority to grant or approve such certificates and if such carrier has obtained such certificate from such board. Such transportation shall, however, be otherwise subject to the jurisdiction of the Commission under this chapter."

2. 49 U.S.C.A. § 17(9).

plainant, contending that it does not have to do so, has not sought that remedy.

The academic rule of law is supported by many decisions, and particularly by decisions by the Supreme Court upon other statutes. Myers v. Bethlehem, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660; Macauley v. Waterman S.S. Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839; United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290; Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796. Its precise application to the case at bar is supported by Holmes v. United States, D.C., 89 F. Supp. 894; affirmed per curiam, 339 U.S. 927, 70 S.Ct. 628, 94 L.Ed. 1348.

The provision of the Act and of the General Rules of Practice of the Commission, seem to provide ample protection for the rights of the complainant pending final determination by the Commission of a petition to reconsider the order complained of.

The motion to dismiss is sustained without prejudice.