**ATLANTIC & GULF/WEST COAST OF CENTRAL AMERICA AND MEXICO CONFERENCE (NO. 2743), et al. (GULF AND SOUTH ATLANTIC/HAVANA STEAMSHIP CONFERENCE (NO. 4188), et al., Interveners) v. UNITED STATES (UNITED STATES MARITIME COMMISSION et al., Interveners).**

United States District Court
S. D. New York.
May 29, 1950.

Lord, Day & Lord, New York City, Parker McCollester, James S. Hemingway, John R. Mahoney, New York City, for plaintiffs.

Irving H. Saypol, U. S. Atty., New York City, John F. Baecher, Sp. Asst. to Atty. Gen., for the United States.

Paul D. Page, Jr., Solicitor, U. S. Maritime Commission, Washington, D. C., George F. Galland, Washington, D. C., for U. S. Maritime Commission.

Haight, Deming, Gardner, Poor & Havens, New York City, Charles S. Haight,
Edward H. Mahla, New York City, Gordon W. Paulsen, Yonkers, N. Y., for intervenors Joint Committee of Foreign Freight Forwarders Ass'ns et al.

J. Richard Townsend, San Francisco, Cal., for intervener Pacific Coast Customs and Freight Brokers Assn.

Before FRANK, Circuit Judge, and McGOHEY and IRVING R. KAUFMAN, District Judges.

McGOHEY, District Judge.

Plaintiffs seek an interlocutory injunction against enforcement of an order of the United States Maritime Commission which directs them to eliminate from their conference agreements prohibitions against the payment of brokerage to freight forwarders.

"It is a cardinal principal of equity jurisprudence that a preliminary injunction shall not issue in a doubtful case. Unless the court be convinced with reasonable certainty that the complainant must succeed at final hearing the writ should be denied." Hall Signal Co. v. General Ry. Signal Co., 2 Cir., 153 F. 907, 908. In this case the Maritime Commission has found "* * * that concerted prohibition against the payment of brokerage results in detriment to the commerce of the United States in that it has had and will have a serious effect upon the forwarding industry." It has also found that "forwarding activities have developed American commerce." These findings, the plaintiffs claim, are not supported by the evidence. It was stated on argument that there is "no evidence at all" on which they can rest. Upon even the limited inquiry appropriate to these preliminary proceedings, we are unable to agree with that claim. It would appear that there was at least some substantial evidence to support the Commission's findings and its resultant order. Plaintiffs' right to permanent relief is at this time, therefore, too much in doubt to warrant the issuance of an interlocutory injunction. See Madison Square Garden Corporation v. Braddock, 3 Cir., 90 F.2d 924, 927; Merchant Truckmen's Bureau of New York v.

United States, D.C.S.D.N.Y., 16 F.Supp. 998, 999.

[3] It must be borne in mind that the public interest, too, is a vital concern in this controversy. If the Commission's order were to be finally upheld after the granting of an interlocutory injunction, there would be no way to compensate for the interim injury to the commerce of the United States and, consequently, to the public interest. Such a consideration is an important factor militating against granting plaintiffs the relief they seek. Yakus v. United States, 321 U.S. 414, 440–441, 64 S.Ct. 660, 88 L.Ed. 834; Virginian Ry. Co. v. System Federation, 300 U.S. 515, 552, 57 S.Ct. 592, 81 L.Ed. 789.

The application for an interlocutory injunction is accordingly denied. The plaintiffs can be adequately protected by paying, if they so desire, such brokerage as is earned into a depository, to abide decision on the merits.

Submit order in conformance with this opinion.