### PACIFIC WESTBOUND CONFERENCE et al. v. UNITED STATES et al.

### PACIFIC STRAITS CONFERENCE et al. v. UNITED STATES et al.

### PACIFIC WEST COAST OF SOUTH AMERICA CONFERENCE et al. v. UNITED STATES et al.

No. 29626.

United States District Court
N. D. California, S. D.

June 19, 1950.

Lillick, Geary, Olson, Adams & Clark, Ira S. Lillick, Joseph J. Geary, Allan E. Charles, Graham & Morse, Chalmers Graham, Clarence G. Morse, Leonard G. James, all of San Francisco, Cal., for petitioners.

J. Richard Townsend, San Francisco, Cal., for intervener Pacific Coast Customs and Freight Brokers Ass'n.

Haight, Deming, Gardner, Poor & Havens, New York City, for interveners Joint Committee of Foreign Freight Forwarders Ass'n et al.

Paul D. Page, Jr., Solicitor United States Maritime Commission by George F. Galland, Counsel for Commission, Washington, D. C., for United States Maritime Commission.

Frank J. Hennessy, United States Attorney, C. Elmer Collett, Assistant United States Attorney, San Francisco, Cal., for United States.

Before POPE, Circuit Judge, and GOODMAN and ERSKINE, District Judges.

GOODMAN, District Judge.

As in the case of Atlantic and Gulf West Coast of Central America and Mexican Conference, etc., v. United States of America (United States Maritime Commission), United States District Court for the Southern District of New York, 90 F. Supp. 554, Petitioners here pray that an order of the United States Maritime Commission, commanding them to eliminate from their conference agreements prohibitions against payment of brokerage to freight forwarders, be stayed pending hearing on the merits of their petitions now before this statutory court to annul said order.

The record of the proceedings before the Maritime Commission is before us. It is the same record which was presented to the New York Court. Petitioners in the New York case and the petitioners here are all subject to the order made by the Commission.

In the New York case, the statutory court denied the interlocutory injunction sought apparently upon the ground that the court believed that there was no reasonable certainty that the petitioners there might succeed upon the hearing on the merits and that the petitioners' right to relief appeared to that court to be too much in doubt to justify the issuance of an interlocutory injunction.

While we are not in accord with this view as a basis for decision here, we are of the opinion that there are other good reasons why the prayer for the interlocutory injunction here should be denied.

We are not prepared now to say any more than that the petitioners appear to have tendered a good faith contention that the order of the Commission should be vacated. A determination, however, as to whether or not this contention has any reasonable certainty of being sustained cannot justly be made by us until pertinent portions of the large record are properly brought to our attention upon a hearing on the merits.

The interlocutory injunction sought is not in a true sense an injunction at all. What really is asked is a stay of the Maritime Commission's order pending review by this statutory court. And that poses a not unusual problem. It arises frequently on appeal from or review of administrative decisions and, indeed, on appellate review of trial court decisions. The main consideration upon which decision should rest is whether the enforcement of the order or decree, pending hearing on the merits, would appear to entail some irreparable harm, pending such review, to the parties seeking the review. The practical effect of the Commission's order here will be that the petitioners will necessarily be called upon to make payment of brokerage fees within the limitations specified by the Commission. This entails besides the payment of money, some inconvenience and change of procedure by the shipping companies involved. However, these factors do not, in our opinion, amount to the kind of harm or damage which, in the legal sense, may be defined as irreparable.

The applications for interlocutory injunctions will therefore be denied. We believe that an order substantially in the form made by the New York Court on June 7, 1950 will adequately protect petitioners pending review. Petitioners may have such an order.

Furthermore, pursuant to what we deem to be our power to preserve the status quo, we further direct that until the disposition of this cause upon final hearing, those portions of the agreements of the several petitioners which prohibit the payment of brokerage fees, shall be deemed suspended only, to the end that if the final judgment of the court shall enjoin the enforcement of the order of the Maritime Commission, then said agreements shall, without further action on the part of the petitioners, resume their original force and application.

Counsel may submit proper orders in accordance herewith.