**PACIFIC WESTBOUND CONFERENCE et al. v. UNITED STATES et al.**

**PACIFIC STRAITS CONFERENCE et al. v. UNITED STATES et al.**

**PACIFIC WEST COAST OF SOUTH AMERICA CONFERENCE et al. v. UNITED STATES et al.**

No. 29626.

United States District Court
N. D. California, S. D.

Dec. 6, 1950.

Lillick, Geary, Olson, Adams & Charles, Ira S. Lillick, Joseph J. Geary, Allan E. Charles, Graham & Morse, Chalmers Graham, Clarence G. Morse, Leonard G. James, all of San Francisco, Cal., for petitioners.

J. Richard Townsend, San Francisco, Cal., for intervener Pacific Coast Customs and Freight Brokers Ass'n.

Haight, Deming, Gardner, Poor & Havens, New York City, for interveners Joint Committee of Foreign Freight Forwarders Ass'n et al.

Paul D. Page, Jr., Solicitor United States Maritime Commission, George F. Galland, for Commission, Washington, D. C., for United States Maritime Commission.

John F. Baecher, Sp. Asst. to the Atty. Gen., Frank J. Hennessy, U. S. Atty., C. Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for United States.

Before POPE, Circuit Judge, and GOODMAN and ERSKINE, District Judges.

GOODMAN, District Judge.

For many years certain of the steamship lines of the United States, to further their interests, and with statutory blessing,[1] have associated themselves together in conferences. The petitioner steamship lines and their respective conferences function and operate in the western part of the

1. Shipping Act of 1916, section 15, 46 U.S.C.A. § 814.

United States. The steamship lines operating in the eastern part of the United States have their own conferences there. The conference agreements, both east and west, have long contained a provision by which the steamship companies have bound themselves not to pay brokerage to so-called freight forwarders.

In April of 1947 the United States Maritime Commission, now the Federal Maritime Board,[2] on its own initiative, ordered an investigation made as to the propriety of this prohibition against payment of brokerage and as to its effect upon the maritime commerce of the United States.

After a long investigation and many hearings, the Board concluded that the agreement of the members of the conferences not to pay brokerage was detrimental to the commerce of the United States and ordered the offending provision stricken from the conference agreements.

The petitioners, constituting the western carriers and conferences, commenced this action[3] to enjoin and vacate the order of the Board. At or about the same time, the eastern carriers and their conferences commenced a similar action in the United States District Court for the Southern District of New York. See, Atlantic & Gulf/West Coast of Central America & Mexico Conference v. United States, D.C., 90 F. Supp. 554. Applications for interlocutory injunctions were presented and argued both here and in New York. The New York Court denied the interlocutory injunction on June 9, 1950, 90 F.Supp. 554, and we denied a similar application on June 19, 1950, Pacific Westbound Conference v. United States, D.C., 92 F.Supp. 936. Thereafter the New York cause was heard on the merits and a like hearing here followed shortly thereafter. The record of the proceedings before the Maritime Board in this cause is the same record which was presented to the New York Court. Recently the New York statutory court filed its opinion and judgment in favor of the respondents and denied the relief sought by the petitioners in that case. Atlantic & Gulf/West Coast of Central America & Mexico Conference v. United States, D.C., 94 F.Supp. 138.

The record is the same in both cases. The issue is also the same. It is difficult to understand why two actions tendering the same issue on the same record should have proceeded to judgment in two Federal statutory courts at the same time. Perhaps petitioners believed two bites of the apple might prove more nourishing.

We are of the opinion that the Maritime Board had statutory power over the subject matter and to enter the orders here made.

The only substantial question presented is whether or not the evidence before the Board was sufficient to sustain its findings and order. For the reasons stated by the New York court, 94 F.Supp. 138 we answer this question in the affirmative.

We agree with the New York court that the record sustains the conclusion that the activities of the freight forwarders have had a substantial proximate bearing upon the development of American maritime commerce and that the challenged provision of the conference agreements results in detriment to the commerce of the United States.

Accordingly a decree may enter denying the relief sought by petitioners and awarding judgment in favor of the respondents.

---

2. The Board became the successor of the Commission under Reorganization Plan 21 of 1950; 15 F.R. 3178.

3. 46 U.S.C.A. § 830; 28 U.S.C.A. §§ 1336, 1398, 2284, 2321, 2325; 5 U.S.C.A. § 1009.