M. C. KISER CO. et al. v. CENTRAL OF GEORGIA RY. CO. et al.

(Circuit Court of Appeals, Fifth Circuit. February 5, 1917.)

No. 3011.

Appeal from the District Court of the United States for the Southern District of Georgia; Wm. Wallace Lambdin, Judge.

Suit by the M. C. Kiser Company and others against the Central of Georgia Railway Company and others. Complainants appeal from an order vacating a temporary restraining order and refusing to grant an interlocutory injunction. Affirmed.

For opinion below, see 236 Fed. 573.

William A. Wimbish and Charles E. Cotterill, both of Atlanta, Ga., for appellants.

T. M. Cunningham, Jr., of Savannah, Ga., for appellees.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. The appellants brought their bill against the Central of Georgia Railway Company and the Ocean Steamship Company of Savannah, praying that the appellees be enjoined from increasing the rates on boots and shoes from Boston, Providence, and New York to Atlanta until the Interstate Commerce Commission should hear and determine the reasonableness and justice of the existing rates. The rate from said points of origin to Atlanta was 95 cents per hundred pounds. On August 1, 1916, the principal carriers participating in said traffic, including the appellees, filed and published in accordance with the Act to Regulate Commerce, a tariff to become effective September 15, 1916, increasing the rate on said commodity to $1.19 from Boston and Providence to Atlanta, and $1.14 from New York to Atlanta.

The bill was filed September 12, 1916, and on the same day a temporary restraining order was granted, and a rule to show cause why an interlocutory injunction should not be granted was issued, returnable September 22, 1916. Upon the hearing of the rule to show cause, the temporary restraining order was dissolved, and the interlocutory injunction was refused. This appeal is from an order vacating the temporary restraining order and refusing to grant an interlocutory injunction.

We find that the reasons given by the District Judge in 236 Fed. 573, fully cover the points in the case and justify the conclusion reached.

The decree is affirmed.