## MERCHANT TRUCKMEN'S BUREAU OF NEW YORK v. UNITED STATES et al.

District Court, S. D. New York.
Nov. 14, 1936.

Lord, Day & Lord, of New York City (Parker McCollester, Frank J. Clark, and Fred O. Nelson, Jr., all of New York City, of counsel), for petitioner.

P. J. Farrell, Asst. Chief Counsel, of Washington, D. C. (Daniel W. Knowlton, Chief Counsel, of Washington, D. C., of counsel), for Interstate Commerce Commission.

Conboy, Hewitt, O'Brien & Boardman, of New York City (Martin Conboy, of New York City, Guernsey Orcutt, of Pittsburgh, Pa., and David Asch, and Louis C. Haggerty, both of New York City, of counsel), for Pennsylvania Railroad Company.

Louis J. Carruthers, of New York City, for Long Island R. Co.

Douglas Swift, of New York City, for Delaware, L. & W. R. Co.

Davis; Polk, Wardwell, Gardiner & Reed, of New York City (Theodore Kiendl and Porter R. Chandler, both of New York City, of counsel), for Erie R. Co.

E. H. Burgess, of New York City, for Lehigh Valley R. Co.

Edward R. Brumley, of New York City, for New York, N. H. & H. R. Co.

Carleton W. Meyer, of New York City, for New York Cent. R. Co.

Alex H. Elder, of New York City, for Central R. Co. of New Jersey.

Charles R. Webber, of Baltimore, Md., for Baltimore & O. R. Co.

Before SWAN, Circuit Judge, and BONDY and LEIBELL, District Judges.

SWAN, Circuit Judge.

This is an application for an interlocutory injunction pursuant to 28 U.S.C.A. § 47.

This matter having been argued Friday afternoon and decision being required before Monday, when the rate schedules will become effective unless stayed, this opinion must necessarily deal with the questions presented in rather summary fashion.

The court is of opinion that the petitioner's right to a permanent injunction after final hearing is much too doubtful to justify the granting of an interlocutory injunction. It is doubtful whether the petitioner has any standing to maintain the suit, whether the orders of the Interstate Commerce Commission are of a character which the court may set aside, and, even on the assumption that they are of such character, whether on the merits of the controversy adequate cause exists for annulling them.

The petitioner is a membership corporation organized under the laws of New York. It does not itself engage in trucking, though its members do, and it is not apparent how the petitioner itself will suffer any legal damage by reason of the orders of the Commission or the proposed action of the respondent railroads in operating a pickup and delivery service pursuant to the schedules which will become effective on November 16, 1936, unless suspended. If, as is urged, the suit may be considered a representative suit on behalf of its members, it is doubtful whether the members themselves have any standing to maintain the suit. The contemplated action of the railroads will impair the economic position of local truckmen by depriving them of the competitive advantage they have heretofore enjoyed. Such an interest is enough for intervention in an administrative proceeding before the Commission, and the petitioner, as representative of its member truckmen, was allowed to intervene in that proceeding. That fact would entitle them to intervene in any suit brought by a party having the right to challenge the validity of Commission's order. But an interest which justifies intervention on the administrative proceeding is not necessarily enough to give the right to maintain an independent suit to vacate the Commission's order. See Sprunt & Son v. United States, 281 U.S. 249, 254, 50 S.Ct. 315, 317, 74 L.Ed. 832. Compare Chicago Junction Case, 264 U.S. 258, 267, 44 S.Ct. 317, 320, 68 L.Ed. 667; Merchant Truckmen's Bureau v. Reardon, 10 F. Supp. 358 (D.C.S.D.N.Y.); Merchants' & Manufacturers' Traffic Ass'n v. United States, 231 F. 292, 294 (D.C.N.D.Cal.).

But even assuming that the petitioner has sufficient interest and standing to maintain an independent suit to attack the orders, there is a question whether the orders are of a character which the court may set aside. The order in investigation and suspension docket No. 4191 merely

vacates the Commission's prior suspension order and discontinues the proceeding. The order in No. 27425 permits the respondents therein to file rate schedules on the terms therein stated. The railroads have acted upon this permission and filed schedules. Under the Interstate Commerce Act a carrier may initiate rates; if not suspended or vacated by the Commission before the effective date named in the schedule, they then go into operation without approval or action by the Commission. A party in interest may request the Commission to enter upon a hearing and to suspend the schedule pending such hearing. On November 9, 1936, the petitioner applied to the Commission to suspend the schedules which will otherwise become effective on November 16th. It does not appear that the Commission has yet acted upon that application; and it would seem that the administrative remedy is exclusive and that the courts cannot interfere with administrative discretion in such matters. Algoma Coal & Coke Co. v. United States, 11 F.Supp. 487, 495 (D.C.Va.).

But even if it be assumed that the court has power to vacate the orders, the arguments for exercising the power are of dubious persuasion. It is urged, first, that the railroads may not engage in pickup and delivery service without having secured from the Commission certificates of convenience and necessity as required by section 206 (a) of the Motor Carrier Act of 1935 (49 U.S.C.A. § 306(a). The Commission held, and we think rightly, that by reason of the definition in section 203(a) (14) of the act (49 U.S.C.A. § 303 (a) (14) the requirement that such certificates be secured is not applicable to the service in question. Moreover, if section 206(a) were violated, it may well be doubted whether any party other than the Commission may complain. See section 222(b) of the act, 49 U.S.C.A. § 322(b).

Secondly, it is urged that the Commission's action was contrary to and without support in the evidence. It will suffice for present purposes, and without referring to the evidence in detail, that we have examined the record sufficiently to form the opinion that it is unlikely that this contention can be sustained. It is based in large part on the theory that carriers are bound to offer evidence of reasonableness of rates even when they propose a voluntary reduction. This argument was rejected in Anchor Coal Co. v. United States, 25 F.(2d) 462, 474 (D.C. S.D.W.Va.) See, also, United States v. Chicago, M. St. P. & P. R. Co., 294 U.S. 499, 510, 55 S.Ct. 462, 467, 79 L.Ed. 1023.

Finally, the petitioner contends that the Commission applied an erroneous theory of law, commonly referred to as the "added traffic theory," in finding that the proposed rates would be reasonable. The validity of this contention is put in doubt by Baltimore & Ohio R. R. Co. v. United States, 298 U.S. 349, 56 S.Ct. 797, 80 L. Ed. ——, quoted at page 476 of the Commission's report.

An order will be entered denying the petitioner's application for an interlocutory injunction. The parties may submit proposed findings.