## CARLSEN v. UNITED STATES et al.

United States District Court
S. D. New York.

Sept. 30, 1952.

Sidney Szerlip, Brooklyn, N. Y., for plaintiff.

Myles J. Lane, U. S. Atty., Nathan Skolnik, Asst. U. S. Atty., New York City, E. Riggs McConnell, Department of Justice, Sp. Asst. to Atty. Gen., and Allen Crenshaw, Asst. Chief Counsel, Interstate Commerce Commission, Washington, D. C., for United States of America and Interstate Commerce Commission.

S. S. Eisen, New York City, for Rockland Coaches, Inc., Rockland Transit Corp., Spring Valley Motor Coach Co., Inc., and Hill Bus Co.

Before FRANK, Circuit Judge, and DIMOCK and WEINFELD, District Judges.

WEINFELD, District Judge.

Whenever a new schedule is filed, the Interstate Commerce Commission, pending a hearing and decision by it as to the reasonableness of the new rates, may suspend the operation of the schedule for a period not exceeding seven months beyond the time the schedule otherwise would have become effective.[1]

In the instant case, following the filing of new rate schedules by four interstate bus carriers, the plaintiff filed with the Interstate Commerce Commission a protest to the schedules and requested the Commission to suspend the proposed rates pending a determination of their reasonableness. The Commission decided against suspension, and, treating the protest as a formal complaint, set the matter down for hearing and decision. Plaintiff now seeks an order of this Court to compel the Commission to suspend the schedule pending such hearing and decision. The power of suspension of new

1. Section 216(g), Part II of Interstate Commerce Act, 49 U.S.C.A. § 316(g), relating to motor carriers. This provision parallels § 15(7) of Part I of the Act, 49 U.S.C.A. § 15(7), relating to rail carriers.

rates for the limited period authorized under Title 49 U.S.C.A. § 316(g) is vested exclusively in the Commission and the Court is without power to review the exercise of its administrative discretion. See Merchant Truckmen's Bureau of New York v. United States, D.C., 16 F.Supp. 998; Algoma Coal & Coke Co. v. United States, 11 F.Supp. 487, 495; Board of Railroad Com'rs v. Great Northern Ry. Co., 281 U.S. 412, 429, 50 S.Ct. 391, 74 L.Ed. 936. The Commission has, as yet, not completed its hearings and has entered no order such as would be subject to review by the Court under Title 28 U.S.C. §§ 1336, 2321, 2324, 2325 and Title 49 U.S.C.A. § 305(g).

The motion for an injunction is denied and the defendants' cross-motion to dismiss the complaint is granted.

Settle decree on notice.

DIMOCK, District Judge, concurs in result.