ACME FAST FREIGHT, Inc., Republic Carloading & Distributing Co., Inc., Universal Carloading & Distributing Co., Inc., Plaintiffs,

v.

The UNITED STATES of America, The Interstate Commerce Commission and Carl E. Anderson, Robert C. Anderson, Grace E. Anderson, and Arthur E. Anderson, d/b/a Western Freight Association, Defendants.

Civ. A. No. 1744.

United States District Court
D. Delaware.

Aug. 30, 1955.

James L. Latchum (of Berl, Potter & Anderson), Wilmington, Del., and H. Douglas Weaver, James L. Givan and Harry C. Ames, Washington, D. C., for plaintiffs.

Leonard G. Hagner, U. S. Atty., Wilmington, Del., Stanley N. Barnes, Asst. Atty. Gen., James E. Kilday and John

H. D. Wigger, Sp. Assts. to the Atty. Gen., for the United States.

Samuel R. Howell, Acting Gen. Counsel, and H. Neil Garson, Atty., Washington, D. C., for Interstate Commerce Commission.

LEAHY, Chief Judge.

Plaintiffs brought this action to set aside orders of the Interstate Commerce Commission, entered August 5 and 12, 1955. The proceedings before the Commission were started by Western Freight Association filing proposed rate schedules. Plaintiffs filed a protest and asked the Commission to investigate and suspend the operation of the proposed schedules. The matter was referred to the Suspension Board of the Commission under 49 U.S.C.A. § 17(2). The Board of Suspension determined not to investigate or suspend the operation of the proposed schedules.

On June 14, 1955, plaintiffs filed a petition for reconsideration. The Commission, Division 2, reversed the action of the Suspension Board and ordered an investigation of the proposed schedules and suspended their operation until January 14, 1956. Western Freight, on July 12, 1955, petitioned for a vacation of the suspension order. The Commission, Division 2, on August 5, 1955, set aside its order of June 14, 1955. Plaintiffs petitioned for reconsideration and asked that the order of August 5, 1955, be vacated. On August 12, 1955, the Commission dismissed plaintiffs' petition.

On August 17, 1955, plaintiffs brought their action here and on that date I entered a temporary restraining order against the Commission from attempting to enforce its orders of August 5 and 12, 1955.

The United States and the Interstate Commerce Commission have moved to vacate the temporary restraining order and have also moved to dismiss the complaint for lack of jurisdiction of subject matter for the reason the action of the Commission which is brought here for review is vested exclusively within the power of the Commission and its orders are not subject to review by this court.

I shall not pass on the motion to dismiss for lack of jurisdiction. This is a matter which should be determined after the Three-Judge Court has convened. I shall, however, pass on the motion to set aside the temporary restraining order.

The question whether the Interstate Commerce Commission has exclusive jurisdiction to investigate and suspend rates is a legal one. I shall not pause to discuss the authorities which have looked at the question, although it has been said the granting or denying of suspension of proposed rates for interstate commerce is discretionary with the Interstate Commerce Commission, and its refusal to suspend a proposed rate is not judicially reviewable.[1] The question of the exclusive power of the Commission over rate schedules raises a legal issue which calls for debate. The relief which plaintiffs, here, seek, calls for one of the extraordinary equitable remedies. It is established law of this District and Circuit that a preliminary injunction will not issue under such circumstances. Henis v. Compania Agricola De Guatemala, D.C.Del., 116 F.Supp. 223, affirmed 3 Cir., 210 F.2d 950; Sneider v. Transcontinental & Western Air., D.C.Del., 79 F.Supp. 339, 341; Reynolds International Pen Co. v. Eversharp, D.C.Del., 63 F.Supp. 423, citing Warner Bros. Pictures v. Gittone, 3 Cir., 110 F. 2d 292; Murray Hill Restaurant v. Thirteen Twenty One Locust, 3 Cir., 98 F.2d 578; Hand v. Missouri-Kansas Pipe Line Co., D.C.Del., 54 F.Supp. 649; Oneida Community v. Fouke Fur Co., D.C.Del., 286 F. 757; General Talking Pictures

1. National Water Carriers Association v. United States, D.C.S.D.N.Y., 126 F. Supp. 87; see, e. g., Carlsen v. United States, D.C.S.D.N.Y., 107 F.Supp. 398; Baltimore & Ohio Railroad Co. v. U. S. ex rel. Pitcairn Coal Co., 215 U.S. 481, 494, 30 S.Ct. 164, 54 L.Ed. 292; Manhattan Transit Co., Inc., v. United States, D.C.Mass., 24 F.Supp. 174; Merchant Truckmen's Bureau v. United States, D.C.S.D.N.Y., 16 F.Supp. 998.

Corp. v. Stanley Co., D.C.Del., 42 F.2d 904; Popular Mechanics v. Fawcett, D.C. Del., 1 F.Supp. 292; United States v. Weirton Steel Co., D.C.Del., 7 F.Supp. 255. The parties seeking a temporary restraining order or a preliminary injunction must not only allege facts as to which there is no serious dispute but also indicate such facts which show that the moving party has a reasonable probability of success upon final hearing. If any doubts are created by the paper record as to the merits of the claim to relief, or the power of the court to act, the preliminary injunction will be denied. General Talking Pictures Corp. v. Stanley Co., D.C., 42 F.2d 904, 906; Porges v. Vadsco Sales Corp., 27 Del.Ch. 127, 135, 32 A.2d 148; Belle Isle Corp. v. Mac-Bean, 29 Del.Ch. 261, 49 A.2d 5. Plaintiffs have failed to persuade me they will suffer irreparable damage if the temporary restraining order is lifted.

An order may be submitted with provisions the August 17, 1955 temporary restraining order be vacated and set aside.