COASTWISE LINE, a corporation, Plaintiff,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants.

Nos. 36404, 36413 and 36444.

United States District Court N. D. California, S. D.

July 15, 1957.

Lillick, Geary, Wheat, Adams & Charles, San Francisco, Cal., for plaintiff.

Lloyd Burke, U. S. Atty., San Francisco, Cal., for the United States.

William L. Harrison, San Francisco, Cal., for the Interstate Commerce Commission.

White, Sutherland & White, Portland, Or., for Commission of Public Docks, City of Portland.

Before ORR, Circuit Judge, and MURPHY and CARTER, District Judges.

EDWARD P. MURPHY, District Judge.

The three actions before this court involve tariffs of reduced rates for rail shipments of newsprint between various points on the west coast. Plaintiff, a water carrier of newsprint between the same points, filed protests of the tariffs

with the Interstate Commerce Commission. The Commission decided adversely to plaintiff, and plaintiff thereupon brought these actions for injunctive relief. Civil action 36404 presents the question of whether the Commission must hold a hearing before allowing a carrier to file tariffs of reduced rates which do not apply to intermediate points. Civil actions 36413 and 36444 involve the Commission's decision not to suspend the new rates pending an investigation as to their lawfulness. There is the additional question in 36444 of whether the Commission correctly allowed the tariffs to take effect on shortened notice.

The only rates without intermediate application are those in the tariffs which are the subject of civil action 36404. Subsequent to commencement of that action, there were filed supplemental tariffs—the subject of civil action 36444—which had the effect of also giving the 36404 rates intermediate application. With the filing of these supplemental tariffs, civil action 36404 was rendered moot. Accordingly, our consideration is confined to civil actions 36413 and 36444.

Defendants have moved for dismissal on the ground that this court is without jurisdiction to review a Commission decision not to suspend the operation of new rate tariffs.

■ It is clear that the Interstate Commerce Act does not provide for judicial review of Commission action in declining to suspend the operation of new rate tariffs under Section 15(7) of the Act, 49 U.S.C.A. § 15(7). National Water Carriers Association v. United States, D.C.S.D.N.Y.1954, 126 F.Supp. 87; Carlsen v. United States, D.C.S.D.N.Y.1952, 107 F.Supp. 398; Algoma Coal & Coke Co. v. United States, D.C.E.D.Va.1935, 11 F.Supp. 487; M. C. Kiser Co. v. Central of Georgia Ry. Co., D.C.S.D.Ga.1916, 236 F. 573, affirmed 5 Cir., 1917, 239 F. 718; see Board of Railroad Commissioners of State of North Dakota v. Great Northern Ry. Co., 1930, 281 U.S. 412, 50 S.Ct. 391, 74 L.Ed. 936.

■■ The Administrative Procedure Act, 5 U.S.C.A. §§ 1001–1011, does not increase the availability of judicial review in this respect. The Act preserves the doctrine of exhaustion of administrative remedies. Federal Power Commission v. Colorado Interstate Gas Co., 1955, 348 U.S. 492, 75 S.Ct. 467, 99 L.Ed. 583. The Commission's decision not to suspend the new rates was necessarily only a preliminary determination. Plaintiff's remedy now is to proceed by formal complaint as provided by Section 13 of the Interstate Commerce Act, 49 U.S.C.A. § 13. Only with the Commission's determination after a hearing conducted pursuant to Section 13 will there be a "final agency action" subject to judicial review. Therefore, plaintiff has not exhausted his administrative remedies and the present actions are premature. National Water Carriers Association v. United States, supra; cf. Federal Power Commission v. Colorado Interstate Gas. Co., supra.

Assuming that we would have jurisdiction if the Commission's decision were arbitrary, capricious or an abuse of discretion, we find nothing in the many exhibits before us to indicate that the Commission's decision was anything but an informed, deliberative and well founded exercise of discretion.

As the court is without jurisdiction, the motions to dismiss are granted. The temporary restraining orders heretofore issued in these actions are dissolved and the actions are dismissed.

It is so ordered.