The **NATIONAL INDUSTRIAL TRAFFIC LEAGUE, the National Small Shipments Traffic Conference, Inc., Drug & Toilet Preparation Traffic Conference,** Plaintiffs,

v.

**UNITED STATES of America, and Interstate Commerce Commission,** Defendants (two cases).

Civ. A. Nos. 2358–67, 3218–67.

United States District Court
District of Columbia.
July 22, 1968.

John F. Donelan, John M. Cleary and John H. Caldwell, Washington, D. C., for plaintiff, the National Industrial Traffic League.

Arthur A. Arsham and John J. C. Martin, New York City, for plaintiffs, the National Small Shipments Traffic Conference, Inc., and Drug and Toilet Preparation Traffic Conference.

Donald F. Turner, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, and David G. Bress, U. S. Atty., for defendant United States.

Robert Ginnane, Gen. Counsel, and Betty Jo Christian, Atty., I.C.C., for defendant Interstate Commerce Commission.

LeGrand A. Carlston, Z. L. Pearson, Jr., and Gerald M. Werth, Denver, Colo., and Bryce Rea, Jr., Washington, D. C., for intervening defendant, Rocky Mountain Motor Tariff Bureau, Inc.

Bryce Rea, Jr., and Charles A. Moran, Jr., Washington, D. C., for intervening defendant, Pacific Inland Tariff Bureau, Inc.

William H. Dempsey, Jr., and Richard M. Sharp, Washington, D. C., for intervening defendants Freight Forwarders.

## OPINION

Before BURGER and McGOWAN, Circuit Judges, and MATTHEWS, District Judge.

PER CURIAM.

In each of two cases before the court the plaintiffs assert that they seek to obtain enforcement of an order of the Interstate Commerce Commission suspending and deferring the use of certain increased motor carrier rates. The plaintiffs are organizations concerned with such carrier rates. The defendants are the United States of America, the Interstate Commerce Commission, and sixteen intervenors.[1] This three-judge court was convened pursuant to 28 U.S.C. §§ 2284, 2321–2325.

To set the facts and issues in perspective a little background is necessary.

Each case originated when a motor carrier tariff bureau filed new rate schedules on behalf of its carrier members, the bureau being Rocky Mountain Motor Tariff Bureau, Inc., in Civil Action No. 2358–67, and Pacific Inland Tariff Bureau, Inc., in Civil Action No. 3218–67. The schedules contained increases of 3% on truckload shipments and 5% on shipments of less than a truckload, and were to be effective July 15, 1967. Prior to that date, however, the Commission Board of Suspension in each case on July 12, 1967 issued an order instituting an investigation into the lawfulness of such increased rates, sus-

1. The intervening defendants are: Rocky Mountain Motor Tariff Bureau, Inc., Pacific Inland Tariff Bureau, Inc., Acme Fast Freight, Inc., Arrow-Lifshultz Freight Forwarders, California Western Freight Association, Clipper Carloading Company, International Forwarding Company, Lifshultz Fast Freight, Merchant Shippers, Inc., National Carloading Corp., Republic Carloading & Distributing Co., Inc., Star Forwarders, Inc., Universal Carloading & Distributing Co., Inc., Western Carloading Co., Inc., Western Transportation Co., Inc., and Westland Forwarding Co.

pending the operation of the schedules, and providing that the use of such rates in interstate and foreign commerce be deferred through a specified date in February 1968, unless otherwise ordered by the Commission.

Shortly after the issuance of such order the motor carrier tariff bureau in each case filed new proposed tariffs republishing rate increases identical to those originally proposed, the effective date of the new proposed tariffs to be August 29, 1967 in one case and September 9, 1967 in the other. The purpose of this republishing procedure seems to have been to enable the bureaus to use more comprehensive data to justify the increased rates than had been submitted originally. Pursuant to the Commission's Special Permission No. M–94200, the original schedules containing such increased rates were cancelled by the bureaus on behalf of their respective carrier members, the effective date of such cancellation being August 4, 1967 in Civil Action No. 2358–67, and August 3, 1967 in Civil Action No. 3218–67. Thereafter on August 16, 1967 the Board of Suspension entered an order discontinuing the investigation and suspension proceedings as to the initial tariffs, the schedules containing them having been cancelled as above stated.

Following such discontinuance order, plaintiffs filed a petition for reconsideration. They alleged that in attempting to effectuate the increased rates by republication, the proponents of such rates had violated the "outstanding" suspension order of July 12, 1967 deferring the use of the same rate increases through a specified date in February 1968. The plaintiffs also moved for rejection of the republished rate increases or in the alternative that the suspension order as to the schedules originally published be amended to add the last proposed tariffs "as being subject to suspension." Division 2 of the Commission, acting as an Appellate Division, denied the petition of plainiffs for reconsideration, and plaintiffs were notified that such action rendered moot their motion for rejection or amendment. The plaintiffs were also advised that the new schedules were "subject to protest and possible suspension based upon the record made." [2]

Upon consideration of the new record the bureaus made in justification of the schedules containing the republished rate increases, and of the protests and replies, the Commission Board of Suspension concluded in each case not to suspend the operation of such rate increases, and its action was sustained by Division 2 of the Commission acting as an Appellate Division. The plaintiffs might have filed a formal complaint with the Commission attacking the justness and reasonableness of the rates as they had a right to do under 49 U.S.C. § 316(e). Instead they filed the instant suits.

In each of the two suits plaintiffs seek to have the court enter an order directing the Interstate Commerce Commission (1) to strike from its filed and effective tariffs the schedules containing the republished increased motor carrier rates; (2) to reestablish as lawful the lower motor carrier rates which were effective prior to July 14, 1967; (3) to declare unlawful and subject to restitution the rates collected under the schedules republishing the increased motor carrier rates; and (4) to enforce the order of July 12, 1967 of its Board of Suspension by proceeding with the investigation and suspension of the original schedules of increased rates, plaintiffs' theory being that such order is valid and outstanding.

The defendants oppose the granting of the requested relief on the ground that the preliminary action of the Commission of which plaintiffs complain is well within the Commission's discretion and not subject to judicial review. Moreover, the defendants maintain that the plaintiffs have not exhausted their ad-

---

**2.** Letter to Messrs. Donelan, Cleary and Caldwell, from the Acting Secretary of the Commission, dated August 16, 1967, attached as Exhibit 6 to plaintiffs' complaint in Civil No. 2358–67.

ministrative remedies, and that the present actions are premature and should be dismissed. We agree.

Under the July 12, 1967 order of the Commission Board of Suspension the increased motor carrier rates were initially suspended until a specified date in February 1968, subject, however, to the further order of the Commission. Thereafter the tariff bureaus for the carriers, with the permission of the Commission, cancelled the said rates, and following such cancellation the Commission Board of Suspension entered an order in each case discontinuing the suspension proceeding. Under these circumstances we reject as without merit the claim of plaintiffs that the suspension order of July 12, 1967 is outstanding and should be "enforced".

When the tariff bureaus on behalf of the carriers republished the same rates, the Commission in a new proceeding, on the basis of a new record, declined to suspend the rates. This action was discretionary with the Commission under the Interstate Commerce Act. 49 U.S.C. § 15(7). Refusal of the Commission to suspend the rates is not judicially reviewable. Arrow Transportation Company v. Southern Railway Co., 372 U.S. 658, 83 S.Ct. 984, 10 L.Ed.2d 52 (1963); Movers' & Warehousemen's Ass'n. v. United States, D.D.C., 227 F.Supp. 249 (1964); Carlsen v. United States, D.C. S.D.N.Y., 107 F.Supp. 398 (1952).

In the above cited Arrow case the Supreme Court held that Congress in giving the power of suspension of rates to the Commission "meant thereby to vest in the Commission the sole and exclusive power to suspend and to withdraw from the judiciary any pre-existing power to grant injunctive relief," and that the "more plausible inference is that Congress meant to foreclose a judicial power to interfere with the *timing* of rate changes which would be out of harmony with the uniformity of rate *levels* fostered by the doctrine of primary jurisdiction." (Emphasis in opinion.) 372 U.S. 658, 667, 668, 83 S.Ct. 984, 988.

The Commission's decision in each of the instant cases not to suspend the rates was necessarily only a preliminary determination. By complaint before the Commission as provided in the Interstate Commerce Act, the plaintiffs might have challenged the lawfulness of the rates. 49 U.S.C. §§ 13, 15. But they failed to exhaust the statutory remedies afforded them. No final agency action subject to judicial review was obtained by the plaintiffs before they sought to invoke the jurisdiction of this court.

Accordingly as to each of the two cases before the court, the complaint is dismissed.