**AMERICAN BOOK COMPANY,**
Plaintiff,

v.

**Winton M. BLOUNT, Postmaster General of the United States of America, Washington, D. C. and Robert Hill, Postmaster, Florence, Kentucky, Defendants.**

No. 1414.

United States District Court
E. D. Kentucky,
Covington Division.

Feb. 12, 1969.

Bullitt, Dawson & Tarrant, by Galen J. White, Jr., Louisville, Ky., for plaintiff.

George I. Cline, U. S. Atty., Lexington, Ky., for defendants.

## MEMORANDUM

SWINFORD, Chief Judge.

This is an action seeking to have declared void regulation 135.2(a) (6) promulgated by the Postmaster General of the United States purportedly under the authority of section 4554(e) of Title 39, United States Code. Plaintiff seeks a temporary restraining order and a preliminary injunction.

Plaintiff is in the business of publishing, printing, binding and distributing textbooks. From its warehouse at Florence, Kentucky, plaintiff mails approximately 15,000 to 40,000 books daily at fourth class rates. Since about April 1968, the Post Office Department has operated in plaintiff's warehouse a detached mailing unit. Plaintiff delivers its books to the mailing unit on a conveyor belt from that part of the warehouse where the books are packaged, weighed, and stamped. When they reach the mailing unit, employees of the post office, using various pieces of post office equipment, sort and bag the books for mailing.

On December 16, 1967, Public Law 90–206, 81 Stat. 613, was approved. It provided, effective January 7, 1968, at 39 U.S.C., § 4554(e):

"Articles may be mailed under this section in quantities of one thousand or more in a single mailing, as defined by the Postmaster General, only in the manner directed by him."

Under the apparent authority of this section, the Postmaster General promulgated regulation 135.2(a) (6), published August 9, 1968, directing that certain sorting functions be performed by mailers in quantities of one thousand or more in a single mailing, such as plaintiff. The regulation became effective in two stages: the first stage on October 1, 1968, and the second stage on January 15, 1969. The effect of the second stage of this regulation is that detached mailing units, such as that in plaintiff's warehouse, are being removed and the sorting and bagging previously done by postal employees must be done by the mailer's employees. The defendants have removed the three postal employees and part of their equipment from plaintiff's warehouse.

When plaintiff receives an order for books, it must usually be acted on within a short period of time. Plaintiff's employees are not trained to sort and bag books and the quantity of qualified labor around Florence, Kentucky, is scarce.

Plaintiff's competitors in various parts of the country have brought actions similar to the instant case. They have obtained injunctive relief in Illinois, New Jersey, and Pennsylvania. They have been denied injunctive relief in Tennessee and Massachusetts. Plaintiff contends that it will be irreparably injured because it is placed at a competitive disadvantage and because it is unable to make shipments of textbooks which have been ordered.

Plaintiff filed this action seeking a declaration that regulation 135.2(a) (6) is void and injunctive relief on January 29, 1969, more than five months after the regulation was promulgated and two weeks after its second stage became effective. On the same day it moved for a temporary restraining order and a preliminary injunction.

■ The issuance of a temporary restraining order is within the sound discretion of the district court. 3 Barron & Holtzoff (Wright), Federal Practice and Procedure, sec. 1432, p. 486.

■ A court of equity, particularly in a case involving a public official, must have a deep concern for the public interest. It should act with the utmost caution when it is asked to exercise its extraordinary power to issue an injunction against a coordinate branch of government, in this case the executive branch. This is especially true when the court is asked to give temporary or preliminary relief without the benefit of a full hearing and the opportunity to be fully advised on all issues. In Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834, the Supreme Court said:

"The award of an interlocutory injunction by courts of equity has never been regarded as strictly a matter of right, even though irreparable injury may otherwise result to the plaintiff.

(Citing cases.) Even in suits in which only private interests are involved the award is a matter of sound judicial discretion, in the exercise of which the court balances the conveniences of the parties and possible injuries to them according as they may be affected by the granting or withholding of the injunction. * * *

But where an injunction is asked which will adversely affect a public interest for whose impairment, even temporarily, an injunction bond cannot compensate, the court may in the public interest withhold relief until a final determination of the rights of the parties, though the postponement may be burdensome to the plaintiff." 321 U.S. at 440, 64 S.Ct. at 674.

See also Huard-Steinheiser, Inc. v. Henry, 6 Cir., 280 F.2d 79, 84. The postal system is "the main artery through which the business, social, and personal affairs of the people are conducted and upon which depends in a greater degree than upon any other activity of government the promotion of the general welfare." Pike v. Walker, 73 App.D.C. 289, 121 F.2d 37, 39, cert. denied 314 U.S. 625, 62 S.Ct. 94, 86 L.Ed. 502, reh. denied 314 U.S. 710, 62 S.Ct. 177, 86 L.Ed. 566. Therefore, even considering the threat of hardship to plaintiff, this court must be very slow to interfere with the operation of the postal system.

■ It is axiomatic that as a prerequisite to the issuance of a temporary restraining order or a preliminary injunction the moving party must convince the court that there is a reasonable probability of eventual success on the merits. Crane Co. v. Briggs Mfg. Co., 6 Cir., 280 F.2d 747, 749; Ikirt v. Lee National Corp., 3 Cir., 358 F.2d 726; Fowler v. United States, C.D.Cal., 258 F. Supp. 638, 644; Acme Fast Freight v. United States, D.Del., 135 F.Supp. 823, 825. The plaintiff alleges numerous grounds in support of its charge that the regulation is invalid, none of which on the surface this court finds persuasive. Plaintiff has attached as exhibits to its Supplemental Memorandum the decisions

of United States District Courts in Illinois and New Jersey granting preliminary injunctions and a Temporary Restraining Order issued by a United States District Court in New York, all three cases involving the same regulation here in issue. In none of these decisions did the court discuss the probability of the plaintiffs' success.

In Cuneo Press of New England v. Watson and the Colonial Press, Inc. v. Watson, D.Mass., 293 F.Supp. 112, Judge Julian discussed in a very able opinion the likelihood of plaintiffs' ultimate success. I am persuaded by the soundness of his reasoning, and on the state of the record now before me, I must concur with his conclusion that it is not reasonably probable that plaintiff will succeed in its attack on the validity of the regulation. This statement from Judge Julian's opinion is particularly apt: "The efficient and reasonably economical operation of a public enterprise as complex as the Post Office Department requires the delegation of broad discretionary powers to the officials charged with the responsibilities of administration." I do not hold that the regulation is valid. I merely hold that the plaintiff has not, on the present record, raised a sufficiently substantial question of its validity to justify the issuance of a temporary restraining order.

Regulation 135.2(a) (6) had been published for more than five months when its second stage became effective on January 15, 1969. If, during this time, plaintiff has neglected to prepare to comply with the regulation and is now in a burdensome situation, it cannot claim that the post office is responsible. Plaintiff should not have been surprised when the regulation went into effect.

Plaintiff's motion for a temporary restraining order should be overruled.

The court will reserve ruling on the plaintiff's motion for a preliminary injunction.

An order in conformity with this memorandum is this day entered.